IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CONTINENTAL CASUALTY
COMPANY, et al.,

        Plaintiffs,

v.

HEALTHPRIME, Inc., et al.,

        Defendants.

1:07-cv-02512-WSD

OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Relief From a

Stipulation of Dismissal to File Consent Judgment Pursuant to the Parties'

Settlement Agreement [129], and Plaintiffs' Motion to Allow Settlement and

Release Agreement to be Filed Under Seal [130].

I.      BACKGROUND

Plaintiffs Continental Casualty Company, Transportation Insurance

Company, American Casualty Company of Reading, Pennsylvania, and CNA

ClaimPlus, Inc. (collectively, "Plaintiffs") move to reopen this case, under Rule

60(b)(6) of the Federal Rules of Civil Procedure, and file a Consent Judgment

against Defendants HealthPrime, Inc., AltaCare Corporation, HP/Ancillaries, Inc.,

HP/Holdings, Inc., HP/Management Services, Inc., HP/Management Group, Inc.,

Integrated Therapy Services, Inc., Prime Senior Services, Inc. and Douglas K. Mittleider (collectively, "Defendants").

On October 11, 2007, Plaintiffs filed an action against Defendants seeking damages in the amount of $3,920,275.85, for an unpaid judgment and unpaid insurance premiums. In July 2010, the parties entered into a Settlement Agreement and executed a Consent Judgment, in the amount of $2,250,000, in favor of Plaintiffs. On August 3, 2010, the parties filed a Stipulation of Dismissal with Prejudice (the "Stipulation"), agreeing to voluntarily dismiss this case with prejudice and without cost to either party. In the Stipulation, the parties stated: "This Court shall retain jurisdiction to enforce the terms of the Settlement and Release Agreement entered into by the parties" [128]. The Stipulation was not presented to the Court and the Court did not agree to retain jurisdiction over the dismissed action.

Under the terms of the Settlement Agreement, the Consent Judgment was held in escrow unless Defendants defaulted on their obligations, including the promise to pay Plaintiffs $2,000,000, in monthly installments of $27,777.77, from August 2010 to August 2016. If Plaintiffs breach the agreement by failing to pay the monthly installments, the Settlement Agreement allows Plaintiffs to file the Consent Judgment with the Court. Plaintiffs allege that Defendants breached the

2

Settlement Agreement because they have failed to make payments pursuant to the schedule in the Settlement Agreement.

## II.   DISCUSSION

A plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal signed by all parties at any time during the litigation.  See Fed. R. Civ. P. 41(a)(A)(ii).  A stipulation of dismissal dismisses the case and divests the court of jurisdiction.  See Anago Franchising Inc. v. Shaz, LLC, 677 F.3d 1272, 1277 (11th Cir. 2012).  Plaintiffs argue that, pursuant to the stipulation, to which they agreed without approval of the Court, the Court retains jurisdiction to enforce the terms of the Settlement Agreement.  It does not.  On August 3, 2010, the parties entered into a stipulation of dismissal with prejudice, in which they agreed that the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.  On August 4, 2010, the Clerk of the Court approved the stipulation of dismissal and terminated this case.  The parties cannot extend the Court's jurisdiction by agreement.  Id. at 1280.  To retain jurisdiction, the Court must either (1) enter an order before the stipulation becomes effective or (2) the parties must condition the stipulation on the entry of an order retaining jurisdiction. Id.  The Court did not retain jurisdiction to enforce the terms of the Settlement

Agreement because it did not enter an order doing so.

Plaintiffs argue that Rule 60(b)(6) allows the Court to enter a Consent Judgment.  The Court disagrees.  Under Rule 60(b)(6), Plaintiffs must show that "the circumstances are sufficiently extraordinary to warrant relief.  Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion."  Ramsey v. Walker, 304 F. App'x 827, 829 (11th Cir. 2008) (citations omitted).  Plaintiffs must show that, without relief, an "'extreme' and 'unexpected' hardship will result."  Galbert v. West Carribean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013).  A district court does not retain inherent authority to enforce or interpret a settlement agreement after the parties voluntarily dismiss a lawsuit pursuant to that agreement.  McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 503 (6th Cir. 2000).  Plaintiffs are not "trying to reopen the dismissed suit, which would be the effect of a Rule 60(b)(6) motion setting aside the final judgment, but [are] instead trying to get the [Court] to interpret the [Settlement Agreement] [to give] them the benefit of [of their bargain]."  Id. (internal quotation marks and citations omitted).

Rule 60(b)(6) cannot be used as a vehicle to enforce the Settlement Agreement after the action is voluntarily dismissed with prejudice because the breach does not constitute an extreme or extraordinary circumstance warranting

relief.  Id.; see also Williams v. Pennsylvania Bd. of Probation and Parole, 160 F.

App'x 212, 215 (3d Cir. 2005) (holding that breach of a settlement agreement does

not satisfy the requirements of  Rule 60(b)(6) even if it may give rise to a cause of

action to enforce the agreement); Neuberger v. Michael Reese Hosp. Foundation,

123 F.3d 951, 955 (7th Cir. 1997) (affirming the denial of a Rule 60(b)(6) motion

seeking to enforce a settlement agreement after plaintiff voluntarily dismissed the

action with prejudice); Harman v. Pauley, 678 F.2d 479, 480-81 (4th Cir. 1982).

Plaintiffs' reliance on Keeling v. Sheet Metal Workers Int'l Ass'n, Local

Union 162 is misplaced.  937 F.2d 408, 410 (9th Cir. 1991).  In Keeling, the Ninth

Circuit held that "repudiation" of a settlement agreement that terminates the

litigation constitutes, under Rule 60(b)(6), as an extraordinary circumstance if

there is evidence of "bad faith noncompliance."  Id.  Plaintiffs do not present

evidence of "bad faith noncompliance" and "repudiation" of the Settlement

Agreement.  Plaintiffs seek to reopen this case because Defendants have failed to

make certain installment payments.  A mere breach of contract does not constitute

"repudiation" that frustrates the purpose of an agreement to settle the dispute.

Williams v. Horel, No. C 09-5314 MMC (PR), 2012 WL 1965748, at *2

(N.D. Cal. May 31, 2012) (distinguishing Keeling to deny 60(b)(6) motion to

reopen the case on account of a breach of contract); see also Stratman v. Babbitt,

5

42 F.3d 1402 (9th Cir. 1994) (applying <u>Keeling</u> to conclude that Rule 60(b)(6) relief was warranted because the parties to the settlement agreement operated under a material mistake of fact that went to the heart of the contract).

The Court concludes that Plaintiffs have failed to show that the circumstances are sufficiently extraordinary, under Rule 60(b)(6), to warrant relief from the voluntary dismissal of this action.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Relief From a Stipulation of Dismissal to File Consent Judgment Pursuant to the Parties' Settlement Agreement is **DENIED** [129].

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Allow Settlement and Release Agreement to be Filed Under Seal is **DENIED AS MOOT** [130].

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Supplemental Response is **DENIED AS MOOT** [136].

**SO ORDERED** this 9th day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE